IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAVID TAYLOR,

    Plaintiff,

v.                                                                                                No. 1:10-cv-01195-JDB-egb

UNITED STATES,

    Defendant.

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff, David Taylor's Motion to Reopen Case (D.E. 31). The United States has responded, opposing the Motion to Reopen Case (D.E. 38). Additionally, Plaintiff filed a reply to Defendant's response to this Motion to Reopen Case (D.E. 39). Although Plaintiff did not file a motion asking permission for leave to reply as directed by Local Rule of Practice 7.2(c), the Magistrate Judge did take the reply into consideration. The Motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. 33). For the reasons set forth below, it is recommended that Plaintiff's Motion be DENIED.

### I. INTRODUCTION

Plaintiff moves to reopen his lawsuit against the United States under Federal Rules of Civil Procedure 59 and 60(b)(6) (D.E. 31). On September 21, 2011, the Court dismissed Plaintiff's Complaint brought under the Federal Torts Claims Act ("FTCA") (D.E. 29). The basis of Plaintiff's Complaint stems from his payment of restitution. Plaintiff claims that he was required to pay restitution beyond five years, in contravention of a federal statute. This Court determined that it lacked subject matter jurisdiction because Plaintiff did not file an administrative claim within the FTCA's statute of limitations (D.E. 29).

Although Plaintiff does not make clear what subsection of Rule 59 he intends to use, because there was a judgment entered in this case, not a trial, it seems Plaintiff intends to use Rule 59(e).  Under Rule 59(e) of the Federal Rules of Civil Procedure, a party may move a court to alter or amend the judgment within 28 days of the judgment's entry.  A Rule 59(e) motion "is not an opportunity to re-argue a case" after a judgment adverse to the moving party. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir.1998) (citing *FDIC v. World Univ. Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). The rule may not "be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n. 5 (2008). A court may alter or amend judgment only in the event of "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson,* 428 F.3d 605, 620 (6th Cir. 2005).  Rule 60(b) of the Federal Rules of Civil Procedure, provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b)(6) is a catch-all provision, therefore, courts must use Rule 60(b)(6) "only in unusual and extreme situations where principles of equity *mandate* relief." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund,* 249 F.3d 519, 524 (6th Cir. 2001) (emphasis in original). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008).  "Rule 60(b) does not permit parties to relitigate the merits of

claims, or to raise new claims that could have been raised during the litigation of the case or in the initial Complaint." *Clark v. Parker,* No. 4:10 CV 495, 2011 WL 5865958, at *3 (N. D. Ohio Nov. 22, 2011). To succeed under Rule 60(b)(2), "a party must demonstrate (1) 'that it exercised due diligence in obtaining the information' and (2) that 'the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment.'" *Estate of Hickman v.. Moore,* No. 3:09–CV–102, 2011 WL 4860040, at *3 (E. D. Tenn. Oct. 13, 2011) aff'd, 502 F. App'x 459 (6th Cir. 2012) (quoting *Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir.1998)).

     Plaintiff alleges that he is moving to reopen this case due to extraordinary circumstances and newly discovered evidence or information that was not available originally. Additionally, Plaintiff argues that this matter was dismissed for lack of subject matter jurisdiction, not on the merits, and, therefore, equitable tolling should be applied. In response, Defendant asserts that Plaintiff is merely attempting to re-litigate this case with arguments previously considered by this Court. Further, that Plaintiff did not provide any new information that was not in his possession when he filed his amended complaint, and, thus, Rule 59 or 60 does not apply. Finally, Defendant submits that this Court has previously considered Plaintiff's equitable tolling argument and determined it was not justified.

     The Magistrate Judge agrees with Defendant that Plaintiff has not cited any extraordinary circumstances, newly discovered evidence, or information that was available originally. Plaintiff merely delivers the same arguments he used originally and this Court dismissed. Plaintiff has failed to present any grounds for relief under Rule 59 or 60 by clear and convincing evidence. The case law surrounding both rules makes it clear that these rules do not give an opportunity to re-litigate a case. It appears that Plaintiff did contact the United States Department of Justice in

an attempt to satisfy the exhaustion requirement of the FTCA in 2017 (D.E. 31-1). However, as this Court stated previously, his tort claim is untimely because it was not within two years after the claim accrued. *See* D.E. 29 and 28 U.S.C. § 2401(b) (time limits for commencing a tort action against the United States). This case does not present extraordinary circumstances; in fact, Plaintiff provides the same facts as he previously presented to the Court. The Magistrate Judge cannot find any new evidence presented by Plaintiff in his Motion to Reopen the Case. Additionally, Plaintiff filed his Motion to Reopen approximately five (5) years after judgment was entered in this case, thus his motion is untimely under Rule 59(e). Consequently, relief under Rule 59 or 60 is unjustified.

Lastly, Plaintiff argues that equitable tolling should be applied in this case and cited a Supreme Court opinion, *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), for his argument. The Supreme Court held in *Wong* that the time limits prescribed in 28 U.S.C. § 2401(b) did not deprive a district court of jurisdiction. *Id.* at 1633. However, just because the Supreme Court has instructed that 28 U.S.C. § 2401(b) is not jurisdictional; Plaintiff still must meet his burden of proving that equitable tolling should be applied. A court may toll the statute of limitations when a party "has pursued his rights diligently but some extraordinary circumstance" stops him from meeting a deadline. *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-1232 (2014). Equitable tolling "is used sparingly by federal courts" and "[t]he party seeking equitable tolling bears the burden of proving he is entitled to it." Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). Here, Plaintiff has not met his burden of demonstrating that he pursued his rights diligently but an extraordinary circumstance stopped him from meeting the statute of limitations. It seems the only thing Plaintiff mentions of evidence that he pursued his rights were his administrative filings in an attempt to satisfy the FTCA's requirements.

4

However, this Court addressed those filings previously in its order and decided that those same filings were untimely, and the Magistrate Judge agrees. (D.E. 29). Therefore, the Magistrate Judge recommends that Plaintiff's claim is not subject to equitable tolling.

## IV.  CONCLUSION

For all these reasons, the Magistrate Judge recommends that this Court DENY Plaintiff's Motion to Reopen Case.

Respectfully Submitted this 15th day of May, 2018.

                              **s/Edward G. Bryant**
                              UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.