IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAVID W. TAYLOR,

    Plaintiff,

v.                                                                                    No. 1:10-cv-01195-JDB-egb

UNITED STATES OF AMERICA,

    Defendant.

_____

ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTION TO REOPEN CASE, AND DISMISSING MATTER
_____

### I.     Background and Procedural History

Before the Court are the "Objections to [the] Magistrate [Judge's] [May 15, 2018] Report and Recommendation" filed by Plaintiff, David W. Taylor, a federal inmate proceeding *pro se*. (Docket Entry ("D.E.") 46; D.E. 44.) The report by United States Magistrate Judge Edward Bryant recommended that the Court deny Plaintiff's motion to reopen his case. (D.E. 44; D.E. 31.)

On July 28, 2010, Taylor filed a *pro se* complaint against Defendant, the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, which he amended a month later. (D.E. 4; D.E. 1; *see* D.E. 29 at PageID 142.) The amended complaint "alleged that Defendant United States required Plaintiff [to] pay restitution beyond a period of five years, in contravention of a statute limiting the amount of time restitution could be collected" and "requested that the excess collection be refunded by the Defendant." (D.E. 29 at PageID 142 (citing D.E. 4 at PageID 13-14).)

The Government filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction on January 26, 2011, arguing that the inmate "did not exhaust

his administrative remedies" and "failed to file an administrative tort claim within the period specified in the FTCA." (D.E. 29 at PageID 143-44 (citing D.E. 21 at PageID 74).) Taylor submitted a response on February 4, 2011, contending "that he exhausted his administrative remedies through the Bureau of Prison's [("BOP")] Administrative Remedy Program." (D.E. 29 at PageID 144 (citing D.E. 22 at PageID 118).)

On September 21, 2011, this Court granted Defendant's motion to dismiss, finding that Plaintiff failed to satisfy the FTCA's exhaustion requirement and that "any tort claim submitted now would be untimely." (D.E. 29 at PageID 150.) Specifically, the Court determined that the FTCA's two-year statute of limitations began to run "no later than July[] 2005, yet he did not file an administrative tort claim" as of the September 2011 order. (*Id.* at PageID 148 (citing D.E. 21-2, Ex. 2) (adding that "he did not file a Request for Administrative Remedy until January[] 2010, more than four years after the deductions began")); *see* 28 U.S.C. § 2401(b). Judgment was entered on September 26, 2011. (D.E. 30.)

Nearly six years later, on September 20, 2017, Taylor filed a "Motion to Reopen Case," again seeking to remedy the allegedly unlawful collection of restitution payments. (D.E. 31.) In his motion, Plaintiff cited Federal Rules of Civil Procedure 59 and 60(b)(6) as grounds for relief "due to extraordinary circumstances and newly discovery [sic] evidence or information that was not available originally." (*Id.* at PageID 154.) He argued that "[e]quitable [t]olling should be applied," as "this case was dismissed for lack of subject matter jurisdiction and not on the merits." (*Id.* (citing *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015)).) Although he does not mention it in his motion, the inmate attached a July 25, 2017 letter from the BOP denying his claim "for administrative settlement" under the FTCA, seemingly for the same payments at issue earlier in this case and in his present motion. (D.E. 31-1.)

2

After the Court referred this motion to Magistrate Judge Bryant, (D.E. 33), the Government responded on November 1, 2017, arguing that "relief under Rule 59 or 60 is not warranted" because Taylor "is in fact simply trying to re-litigate his case by relying on the same arguments that were previously considered and rejected by the Court" and because he "fails to cite or provide any new information that was not in his possession when he filed the amended complaint." (D.E. 38 at PageID 177.) Defendant also maintains that Plaintiff "has not met his burden of demonstrating that he [i]s entitled to equitable tolling," given that the inmate "has not presented any evidence that some extraordinary circumstance prevented him from bringing a timely action" and due to the Court's previous finding "that [his] efforts to exhaust his administrative remedies were insufficient and were not pursued diligently." (D.E. 38 at PageID 179 (citing *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014)).) The inmate filed a reply on November 17, 2017. (D.E. 39.)

On May 15, 2018, the magistrate judge recommended that this Court deny Taylor's motion, finding that "relief under Rule 59 or 60 is unjustified," as Plaintiff "provides the same facts as he previously presented to the Court" and fails to "cite[] any extraordinary circumstances, newly discovered evidence, or information that was [not] available originally." (D.E. 44 at PageID 211-12.) Judge Bryant also concluded that the inmate's "claim is not subject to equitable tolling," even in light of the United States Supreme Court's "instruct[ion] that 28 U.S.C. § 2401(b) is not jurisdictional," because Taylor failed to "meet his burden of proving that equitable tolling should be applied," which required him to "demonstrat[e] that he pursued his rights diligently but [that] an extraordinary circumstance stopped him from meeting the statute of limitations." (D.E. 44 at PageID 212-13 (citing *Kwai Fun Wong*, 135 S. Ct. at 1633).)

Plaintiff filed objections to the report and recommendation on May 25, 2018, clarifying that he is "seek[ing] to have his case reopen[ed]" under subsection "e" of Fed. R. Civ. P. 59 and

3

reemphasizing his entitlement to equitable tolling.  (D.E. 46 at PageID 216-17.)  He also raises a new argument, asserting that "based on newly discovered evidence that was not available previously it appears that the reopening of this case could fall under Rule 60(b)(3) and or [sic] Rule 60(d)(3) due to the fact that the [G]overnment withheld information as to the validation of Public Law 80-772 that the DOJ on investigation revealed that invalid [sic] because a different bill passed the House (H.R. 3190) than the Senate."  (*Id.* at PageID 216.)

The Government has not filed a response to Taylor's objections, and the time for doing so has passed.  *See* Fed. R. Civ. P. 72(b)(2).

## II. Applicable Law for Reviewing the Magistrate Judge's Report and Recommendation

When objections are filed with respect to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), but "cannot simply 'concur' in the magistrate's findings," *Fharmacy Records v. Nassar*, 465 F. App'x. 448, 456 (6th Cir. 2012) (per curiam) (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005)).  *See also* Fed. R. Civ. P. 72(b)(3).  Instead, the district court "must conduct its own review in order to adopt the recommendations."  *Fharmacy Records*, 465 F. App'x at 456 (quoting *McCombs*, 395 F.3d at 360).

Despite being "held 'to less stringent standards,'" *pro se* parties are not exempt from the requirements of the Federal Rules of Civil Procedure.  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)); *see Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("declin[ing] to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

4

### III. Analysis

Rule 59(e) instructs that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." *Visconi v. United States*, No. 16-6689, 2017 WL 5664911, at *1 (6th Cir. May 22, 2017) (quoting Fed. R. Civ. P. 59(e)) (explaining that Fed. R. Civ. P. 6(b)(2) instructs that "[a] court 'must not extend the time to act under'" Fed. R. Civ. P. 59(e)). Moreover, "[t]he time for filing a Rule 59(e) motion 'may not be enlarged under any circumstances.'" *Id.* (quoting *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010)).

The Court entered judgment against Plaintiff in September 2011, and he did not seek relief from that determination until almost six years later, in September 2017. (D.E. 31; D.E. 30.) Accordingly, the inmate is not entitled to relief under Federal Rule of Civil Procedure 59(e). *See Visconi*, 2017 WL 5664911, at *1 (finding that the district court "did not abuse its discretion when it concluded that [the plaintiff]'s motion was untimely under Rule 59(e)").

Although Taylor "explicitly characterized his motion as a Rule 60(b)(6) motion . . . it actually fits within multiple subsections of Rule 60(b)." *Willis v. Jones*, 329 F. App'x 7, 14 (6th Cir. 2009) (footnote omitted) ("Analyzing [the plaintiff's] motion under the proper subsections of the Rule is necessary because pro se filings are 'to be liberally construed' . . . ." (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). In his motion, Plaintiff seeks to reopen this case under "Rule 60(b)(6) due to extraordinary circumstances and newly discover[ed] evidence or information that was not available originally." (D.E. 31 at PageID 154; *see* D.E. 46 at PageID 216.) Thus, his motion also falls under Rule 60(b)(2), which provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment" in light of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2).

As with Rule 59(e), Plaintiff's delay in challenging the Court's judgment similarly bars him from accessing the benefits of Rule 60(b)(2). *See Visconi*, 2017 WL 5664911, at *1 (explaining that just as Rule 59(e)'s time limitations must not be extended, "[d]istrict courts are similarly prohibited from enlarging the time for filing motions under Rule 60(b) . . . (2)[] and (3)" (citation omitted)).[1] A Rule 60(b) motion under subsection (2), as well as (1) and (3), "must be made . . . no more than a year after the entry of the judgment or order." *Visconi*, 2017 WL 5664911, at *1 (quoting Fed. R. Civ. P. 60(c)). Therefore, Federal Rule of Civil Procedure 60(b)(2) fails to provide grounds for the inmate to reopen his case.[2]

---

[1] In his objections, Taylor also seeks relief under Fed. R. Civ. P. 60(d)(3), which states that Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." (D.E. 46 at PageID 216); *see also* Fed. R. Civ. P. 60(b)(3) (permitting relief from a final judgment for "fraud . . . by an opposing party"). The inmate's request fails for three reasons. First, he cannot raise this argument for the first time in his objections to Judge Bryant's report and recommendation. *See Harris v. Ocwen Loan Servicing, L.L.C.*, No. 17-5399, 2017 WL 8791308, at *2 (6th Cir. Nov. 22, 2017) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." (alteration in original) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000))). Second, even if the Court were to consider his new argument, Plaintiff cannot prevail under Fed. R. Civ. P. 60(b)(3) for the same reason that his delayed filing precludes relief under Fed. R. Civ. P. 60(b)(2). *See Visconi*, 2017 WL 5664911, at *1. Lastly, Taylor fails to assert any facts or arguments pertaining to fraud.

[2] While declining to grant Plaintiff's motion under Fed. R. Civ. P. 60(b)(2) due to his filing delay, the Court notes that he also fails to offer any "newly discover[ed] evidence" beyond that assertion itself. (D.E. 31 at PageID 154.) As the magistrate judge explained, "Plaintiff merely delivers the same arguments he used originally and this Court dismissed," and he "provides the same facts as he previously presented to the Court." (D.E. 44 at PageID 211-12.) Although the inmate argues that the invalidity and unconstitutionality of "Public Law 80-772" due to the passage of "H.R. 3190" constitutes his newly discovered evidence, (D.E. 46 at PageID 216), the Court will not consider this argument because it was raised for the first time in his objections to the report and recommendation. *See supra* note 1; *see also York v. United States*, No. 1:12CR-31-GNS, 2016 WL 4204088, at *2-3 (W.D. Ky. Aug. 9, 2016) (analyzing a *pro se* movant's argument that "the procedure utilized to enact H.R. 3190 as Public Law 80-772 was unconstitutional" and finding "the claim that H.R. 3191 is constitutionally invalid . . . to be without merit" (quoting *United States v. Rowe*, No. 10-19-KKC-REW-1, 2016 WL 3180421, at *1 (E.D. Ky. June 7, 2016))). Thus, even if Plaintiff's motion were timely filed, his request would nonetheless be denied on the merits.

Taylor's request under Fed. R. Civ. P. 60(b)(6) is more complex. "Federal Rule of Civil Procedure 60(b)(6) is a 'catchall provision' providing relief from a final judgment for any reason not otherwise captured in Rule 60(b)." *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018) (quoting *West v. Carpenter*, 790 F.3d 693, 696-97 (6th Cir. 2015)) ("Rule 60(b)(6) motions necessitate 'a case-by-case inquiry' in which the district court 'intensively balance[s] numerous factors, including the competing policies of the finality of judgments and the incessant command of the court's conscience that justice be done in light of all the facts.'" (alteration in original) (quoting *West*, 790 F.3d at 697)). As the Sixth Circuit explained in *Visconi*:

> Under Rule 60(b)(6), a party may obtain relief from judgment "for any reason that justifies relief." Rule 60(b)(6) is reserved for "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). [The plaintiff]'s motion to vacate for the most part simply reargues the merits of [the underlying case] and disputes the correctness of the decisions of the [Board for the Correction of Naval Records ("BCNR")] and [Manpower Management Division, Military Awards Branch]. . . . [T]he district court ha[s] already considered and rejected those arguments. [The plaintiff] cannot use Rule 60(b) to relitigate his case. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor."). [The plaintiff] also claimed that he had newly discovered evidence that a third party interfered with his application and negatively influenced the BCNR's decision. [The plaintiff]'s reliance on new evidence falls under Rule 60(b)(2); he is thus precluded from obtaining relief from judgment under Rule 60(b)(6) on the basis of newly discovered evidence. *See Olle*, 910 F.2d at 365 (stating that Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule") . . . . [The plaintiff]'s motion failed to show that his case presents an unusual and extreme situation.

2017 WL 5664911, at *2 (citation omitted).

As in *Visconi*, Taylor "simply reargues the merits" of his refund claim that the Court already denied. *Id.* The inmate correctly asserts, however, that "this case was dismissed for lack of subject matter jurisdiction and not on the merits." (D.E. 31 at PageID 154.) Relying on the Supreme Court's opinion in *Kwai Fun Wong*, which was decided over three years after judgment

7

was entered in this case, Plaintiff contends that "[e]quitable [t]olling should be applied." (*Id.* (citing *Kwai Fun Wong*, 135 S. Ct. 1625).)  In its 2011 order granting Defendant's motion to dismiss for lack of subject matter jurisdiction, the Court acknowledged that "the two-year statute of limitations applicable to claims under the [FTCA] had run" and thus "held that a failure to satisfy the [FTCA]'s statute of limitations requirements doubles as a failure to satisfy the subject matter jurisdiction requirements of the federal courts." *Hawver v. United States*, 808 F.3d 693, 694 (6th Cir. 2015) (citing 28 U.S.C. § 2401(b)); (D.E. 29 at PageID 146-50); *see also Jackson v. United States*, 751 F.3d 712, 719 (6th Cir. 2014) (explaining that, prior to *Kwai Fun Wong*, the question of "whether the time limitations in the FTCA are jurisdictional in nature . . . prompted some variance within [the] [Sixth] [C]ircuit" (citation omitted)).  In contrast to the Court's prior holding in this case, *Kwai Fun Wong* established "that the [FTCA]'s statute of limitations requirements in § 2401(b) do not implicate the subject matter jurisdiction of the federal courts and that equitable tolling may save a late claim in some circumstances." *Hawver*, 808 F.3d at 694 (citing *Kwai Fun Wong*, 135 S. Ct. at 1629).

"That a limitations period is not jurisdictional does not mean it is not mandatory." *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 818 (6th Cir. 2015).  Accordingly, the Court "must determine (1) whether [Taylor] filed [his] claim within the limitations period and if not (2) whether [he] [is] entitled to equitable tolling." *Id.*; *see Hawver*, 808 F.3d at 694 ("remand[ing] the case to the district court to give it an opportunity to determine whether equitable tolling saves [the plaintiff]'s [FTCA] claim" following her appeal from the district court's grant of the defendant's Fed. R. Civ. P. 12(b)(1) motion and the Supreme Court's subsequent *Kwai Fun Wong* decision).

The Court has already addressed the first *Herr* directive.  *See* 803 F.3d at 818; (D.E. 29 at PageID 146-50).  Just as the district court decided on remand in *Hawver*, this Court "declines to

revisit the statute of limitations and claim accrual issue that was already decided at an earlier stage of this litigation" and "notes that there is no new evidence to justify revisiting this issue." *Hawver v. Nestorak*, No. 13-11068, 2017 WL 2213571, at *4 (E.D. Mich. May 19, 2017); *see Zappone v. United States*, 870 F.3d 551, 555 (6th Cir. 2017) (explaining that if a plaintiff wishing to assert an FTCA claim fails to first "present an administrative claim 'in writing to the appropriate Federal agency within two years after such claim accrues" then "his 'tort claim against the United States shall be forever barred'" (quoting 28 U.S.C. § 2401(b))), *cert. denied*, 138 S. Ct. 1303 (2018).

In its 2011 order, this Court recognized that the FTCA's two-year statute of limitations began to run when Taylor's tort accrued, which was no later than July 1, 2005, when "Plaintiff knew that restitution payments were being deducted from his wages." (D.E. 29 at PageID 148; *see* D.E. 29 at PageID 145; D.E. 21-2 at PageID 102.) The Court further explained as follows:

> [T]he tortious activity was the failure to investigate whether the restitution obligation was enforceable prior to enrolling Plaintiff in the Inmate Financial Responsibility Program. That tortious act was completed when Plaintiff signed the Financial Responsibility Contract and Defendant began making deductions from Plaintiff's wages. These events occurred in 2004[3] and 2005. The fact that deductions were made from Taylor's wages until 2008 is only a continuing ill effect from the initial tortious act, not a new breach of duty to Plaintiff. Therefore, these later deductions do not extend the time for filing an administrative tort claim.

(D.E. 29 at PageID 149-50); *see Grand Rapids Plastics, Inc. v. Lakian*, 188 F. 3d 401, 406 (6th Cir. 1999) (ruling that because the plaintiff's "individual payments to [the defendant] were only a manifestation of the[ir] previous agreement," "[t]he individual payments therefore d[id] not constitute a 'new and independent act,' as required to restart the statute of limitations" (quoting

---

[3]Plaintiff alleged in his amended complaint that he signed the contract "in 2003-04." (D.E. 4 at PageID 1; *see* D.E. 6 at PageID 24.) Additionally, in the inmate's reply to the Government's response to his motion to reopen his case, Taylor asserted that "[i]n 1993 I signed 1 of many FRP cont[r]acts that the B.O.P. as a debt collector forced me to sign or face sanctions." (D.E. 39 at PageID 181.)

9

*DXS, Inc. v. Siemens Med. Sys., Inc.*, 100 F.3d 462, 467-68 (6th Cir. 1996))). The Court added that "under the most generous construction," Taylor's argument that "use of the Administrative Remedy Program . . . satisf[ied] the exhaustion requirement of the FTCA" was "unavailing." (D.E. 29 at PageID 150). Despite the inmate's assertions that the collection of payments began as early as 1996, (*see* D.E. 46 at PageID 216; D.E. 39 at PageID 181; D.E. 22 at PageID 116-17; D.E. 6 at PageID 24), copies of his United States Courts Case Inquiry Report indicate that the withdrawal of his restitution payments began in July 2005, (D.E. 21-2 at PageID 102; D.E. 6-1 at PageID 33). Even if the Court leniently construed the two-year filing window as commencing as late as July 2005, Taylor nevertheless failed to file a claim within the limitations period, which would have run until July 2007.[4]

Having already ruled that Plaintiff failed to file his FTCA claim within the limitations period, the Court must next determine whether equitable tolling saves his request for relief pursuant to Fed. R. Civ. P. 60(b)(6). *Herr*, 803 F.3d at 818; *see Hawver*, 808 F.3d at 694 ("remand[ing] the case so that the district court may decide in the first instance whether equitable

---

[4]The Court's order granting Defendant's motion to dismiss indicated that Taylor's "initial grievance" was filed on January 7, 2010, (D.E. 29 at PageID 145, 150 (citing D.E. 21-3, Ex. 3, Declaration of Kevin Littlejohn).) The earliest date of any such submission appears to be January 20, 2010, the date printed on what seems to be the inmate's initial "Request for Administrative Remedy." (D.E. 21-3 at PageID 109; *but see* D.E. 21 at PageID 75, 76 ¶ 7 (where the Government asserted in its motion to dismiss that it was "undisputed" that "Plaintiff sought the return of the funds applied to the 1993 restitution obligation first by filing an Informal Resolution Attempt on January 7, 2010, pursuant to the BOP's Administrative Remedy Program followed by the filing of a formal Request for Administrative Remedy on January 20, 2010" (citing "Exhibit 3, Declaration of Kevin Littlejohn")).)

Notably, in his response to Defendant's motion to dismiss, Taylor submitted a copy of his completed "Inmate Request to Staff" form, which he allegedly sent on November 10, 2009, (D.E. 22 at PageID 118), and described as "a request for a refund" that he "sent his unit manager," (D.E. 22-2 at PageID 123). (D.E. 22-1.) Even if this filing were sufficient to satisfy the administrative exhaustion requirement, the submission would still be time-barred for being submitted over two years after the "generous" July 2007 deadline had passed. (*See* D.E. 29 at PageID 150.)

tolling applies," as it had "not consider[ed] [the plaintiff's] equitable tolling argument" when "dismiss[ing] [her] claim at the Civil Rule 12(b)(1) stage of the case"). "In general, equitable tolling is available 'when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Zappone*, 870 F.3d at 556 (quoting *Jackson*, 751 F.3d at 718) ("A litigant 'carr[ies] the burden of establishing [his] entitlement to equitable tolling.'" (alteration in original) (quoting *Jackson*, 751 F.3d at 718-19)). "Equitable tolling is sparingly used by federal courts, however." *Lester v. Wow Car Co.*, 675 F. App'x 588, 590 (6th Cir. 2017) (citation omitted).

Recently, the Sixth Circuit applied a new framework for analyzing the equitable tolling of an FTCA claim by evaluating it under both the Circuit's longstanding five-factor equitable tolling test and the Supreme Court's two-factor test "for analyzing equitable-tolling requests in the habeas context." *Zappone*, 870 F.3d at 556. "Historically," courts in the Sixth Circuit "ha[ve] considered five factors in evaluating whether to apply equitable tolling to a late claim": "(1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) the plaintiff's diligence in pursuing h[is] rights; (4) an absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id.* (citations omitted) (quoting *Jackson*, 751 F.3d at 719) (noting that "'a litigant's failure to meet a legally-mandated deadline' due to 'unavoidab[le] . . . circumstances beyond that litigant's control' is often the most significant consideration in courts' analyses, rather than any particular factor of the five-part standard" (alterations in original) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art*, 209 F.3d 552, 560-61 (6th Cir. 2000))). The five "factors are not comprehensive, and ultimately the decision whether to equitably toll a period of limitations 'must

11

necessarily be decided on a case-by-case basis.'" *Lester*, 675 F. App'x at 590 (quoting *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)).

"Notably, the Supreme Court has articulated a more streamlined, two-factor test" in the habeas context, where "a prisoner requesting equitable tolling must demonstrate both '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Zappone*, 870 F.3d at 556 (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)) (explaining that the Supreme Court indicated in a later case that it "'had no occasion to decide whether an even stricter test' or 'a more generous test than *Holland*'s should apply' to . . . non-habeas cases" and that it "alluded to the two-factor *Holland* test" in dicta in *Kwai Fun Wong* (quoting *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755-56 & 756 n.2 (2016)) (citing *Kwai Fun Wong*, 135 S. Ct. at 1633)).

Considering that its "hands [were] mostly tied. . . . [b]ecause the Supreme Court has never expressly adopted the *Holland* test outside of the habeas context . . . and because [it] ha[d] previously applied the five-factor approach in FTCA suits," the Sixth Circuit applied both tests to the FTCA claims in *Zappone* "since the 'propriety of equitable tolling must necessarily be determined on a case-by-case basis.'" *Id.* at 557 (citations omitted) (quoting *Truitt*, 148 F.3d at 648) (reasoning that "both standards can inform [its] evaluation . . . . because the two approaches are quite compatible and may often lead to the same result"). Accordingly, the Court will analyze Plaintiff's motion under both tests.

In his reply and objections, Taylor recited the Sixth Circuit's five factors and summarily concluded that "he has qualified under all these circumstances." (D.E. 39 at PageID 183; *see* D.E. 46 at PageID 217.) Defendant, on the other hand, relied exclusively on the two-factor *Holland* test and asserted that the Court's analysis in its 2011 order provided sufficient grounds for denying

12

the inmate's present request for equitable tolling. (D.E. 38 at PageID 177-79.) The magistrate judge also cited the Supreme Court's two factors, concluding that "Plaintiff has not met his burden of demonstrating that he pursued his rights diligently but [that] an extraordinary circumstance stopped him from meeting the statute of limitations." (D.E. 44 at PageID 212.)

Regarding the Sixth Circuit's first two factors, nothing in the record indicates that Plaintiff had actual or constructive knowledge of any timing requirements for pursuing his claim before the statute of limitations had already run. At the earliest, Taylor's November 2009 "Inmate Request to Staff" form indicates his constructive knowledge of needing to pursue an out-of-court remedy. *See supra* p. 10 n.4. The inmate maintains that "[i]n 2010 after *becoming aware* that he may not owe res[t]itution on his 1993 case," he "started filing Administrative Remedies with the Bureau of Prisons to correct the error." (D.E. 31 at PageID 155 (emphasis added).) Additionally, in a 2011 filing, Plaintiff cited 28 U.S.C. § 2401(b), which establishes the FTCA's two-year statute of limitations for filing an administrative claim.[5] (D.E. 22 at PageID 119.) Although these dates pertaining to Taylor's knowledge of any filing requirement occurred at least two years after the lenient July 2007 deadline, "ignorance of the law alone is not sufficient to warrant equitable tolling." *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010) (quoting *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004)); *see Zappone*, 870 F.3d at 559.

---

[5]In another 2011 submission, Taylor maintained that he "was not fully aware of his injury until the Court ruled in" *Holland v. United States*, No. 06-2700-STA-tmp, 2009 WL 3241680, at *7 (W.D. Tenn. Sept. 30, 2009) (holding that the Government's "negligence was the legal and factual cause for [the] [*pro se* prisoner] [p]laintiff's restitution payments"), *vacated*, 2010 WL 11602535 (W.D. Tenn. Aug. 5, 2010) (granting the Government's Fed. R. Civ. P. 59(e) motion after determining that it lacked subject-matter jurisdiction over the action because the plaintiff failed to timely exhaust his administrative remedies). (D.E. 6 at PageID 24-25.) The *Holland* order on which Plaintiff relied references the FTCA repeatedly, including its statute of limitations. *Holland*, 2009 WL 3241680, at *6 (finding that the "[p]laintiff's testimony that he informed [a correctional counselor at a federal prison in Memphis] . . . that the statute of limitations had passed" was "credible").

13

As for diligence—the Sixth Circuit's third factor and the first prong of the Supreme Court's test—and reasonableness—the Circuit's fifth consideration—Plaintiff fails to provide any explanation for why he waited until at least 2008 to take any action to remedy the restitution payments, which began as late as July 2005. *Jackson*, 751 F.3d at 720; (D.E. 39 at PageID 182). In his reply, the inmate provides the following timeline:

> I started Adm. Remedy in 2008. I then resubmitted again in 2010. I also filed several different SF-95 tort claims with one to the Southeast Region and one to the Mid [A]tlantic region. The B.O.P. fails to give any notice to file this form before filing in the District Court. Also I filed and completed the Adm. Remedy in Fedurary [sic] 2011 after the B.O.P. held my BP-11 response for 7 months.

(D.E. 39 at PageID 182.) While it is somewhat unclear whether Plaintiff submitted his "Adm. Remedy" in 2008, he at least "request[ed] a refund" of the "money [that] was . . . applied to a[n] expired obligation from [his] 1993 case" in November 2009 from the BOP, which responded to him in December 2009. *Id.*; (D.E. 22-1); *see supra* p. 10 n.4. Taylor also claimed to have "started the B.O.P. administrative remedy" after receiving the December 2009 response, (D.E. 22 at PageID 118; *see* D.E. 22-1), though he maintained that he "never receive[d] a reply," (D.E. 22-2 at PageID 123).

Regardless, the inmate's proffered reason for his untimeliness falls short. In his objections, he blames the BOP for his delayed filings because it "did not give adequate notice of the SF-95 form requirements." (D.E. 46 at PageID 217;) *see Peterson v. United States*, No. 14-CV-134-KKC, 2017 WL 4938844, at *8 (E.D. Ky. Oct. 31, 2017) (rejecting the *pro se* prisoner's "assert[ion] that the government impeded and tried to prevent [him] from getting the cause of" the injury that led to his FTCA claim beginning to accrue because his argument "d[id] not establish that [he] was reasonable in not filing his claim nor that extraordinary circumstance[s] obstructed timely filing" (citing *Kwai Fun Wong*, 135 S. Ct. at 1631)), *appeal docketed*, No. 17-6361 (6th

Cir. Nov. 16, 2017); *Weron v. Cherry*, No. 1:08-cv-201, 2008 WL 4614335, at *8 (E.D. Tenn. Oct. 14, 2008) (concluding that the *pro se* prisoner's "factually unsupported claim that he has been without proper information and material to file a claim . . . [was] factually insufficient to warrant equitable tolling").

Importantly, Taylor fails to explain why he never "checked the status of" his dozens of restitution payments, which were withdrawn consistently over a span of nearly three years. *Garrison v. Warren Corr. Inst.*, 187 F.3d 635 (Table) (6th Cir. 1999); *see Thomas*, 362 F. App'x at 454 (emphasizing that the plaintiff's "lack of diligence" in delaying his petition under the Antiterrorism and Effective Death Penalty Act of 1996 by 416 days of "delays attributable solely to" him "strongly cut[] against [his] request for relief, particularly since virtually all of his explanations for invoking equitable tolling turn[ed] on claims that others interfered in one way or another with his efforts to obtain federal . . . relief"); (D.E. 21-2 at PageID 102-05). Instead, Plaintiff waited at least three years between signing the Financial Responsibility Contract and purportedly submitting an "Adm. Remedy" in 2008. (D.E. 39 at PageID 182); *see supra* p. 9 n.3; *see also Townsend v. Social Sec. Admin.*, 486 F.3d 127, 134 (6th Cir. 2007) (denying the plaintiff's request to equitably toll the Equal Access to Justice Act's deadline to appeal because her "own neglect" led to her late filing, as "diligent research" would have shown that the deadline had not been "toll[ed] or reset"). Plus, although the BOP responded on July 25, 2017, to an administrative submission by Taylor, "filing briefs *after* the statute of limitations has already run will not turn a non-diligent litigant into a diligent one. Rather, the litigant must show that he made a 'reasonable' effort to press his case *while* the clock was running." *Salyer v. Colvin*, No. 16-60-ART, 2016 WL 6990765, at *3 (E.D. Ky. Nov. 28, 2016) (emphasis in original) (quoting *Holland v. Florida*, 560 U.S. at 653) (instructing that "[a] reasonably diligent litigant will not . . . 's[i]t on his rights' until

the last minute and then, after missing the filing deadline, ask the [c]ourt for lenience" (alteration in original) (quoting *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 463 (6th Cir. 2012))); (*see* D.E. 31-1).

Even after the Supreme Court's *Kwai Fun Wong* decision in April 2015, the inmate did not file his motion to reopen his case until over two years later, in September 2017. (D.E. 31.) "Those unwilling to help themselves are not compelling candidates for equitable assistance from the courts." *Thomas*, 362 F. App'x at 455. Accordingly, Plaintiff's failure to show that he undertook any efforts whatsoever to remedy the Government's actions that spurred this litigation until at least 2008, when the underlying tort accrued in July 2005 "under the most generous construction," weighs heavily against equitable tolling. (D.E. 29 at PageID 150; *see* D.E. 39 at PageID 182.)

The Sixth Circuit's fourth factor, prejudice, again favors the Government. The inmate filed his original complaint three years after the most lenient date that the two-year filing period ended, and he filed the present motion to reopen his case over a decade after the statute of limitations had run. *See* 28 U.S.C. § 2401(b); *Jackson*, 751 F.3d at 720 (determining that "the district court did not abuse its discretion in considering the fourth factor, prejudice, as it noted the difficulty the government would have in litigating a matter that was filed four months beyond the limitations period"); (D.E. 31; D.E. 1); *see also supra* p. 10. Plaintiff takes issue with the restitution he was ordered to pay for his 1993 sentence, the Financial Responsibility Contract he signed in 2003 or 2004, and the payments that began in 2005. *See Lester*, 675 F. App'x at 591 (finding that the defendant would be prejudiced "should the statute of limitations be waived as the actions underlying the [Truth in Lending Act] claims occurred over five years ago"); (D.E. 21-2 at PageID 102; D.E. 6-1 at PageID 33); *see also supra* p. 9 n.3. Undoubtedly, the Government would be prejudiced by extending the FTCA's two-year statute of limitations. *See Peterson*, 2017 WL

4938844, at *8 (reasoning that "[t]olling the FTCA limitation period would also cause substantial prejudice to the United States, forcing it to litigate, at great expense, a claim that has become temporally remote, as nearly eight years ha[d] passed since [the plaintiff]'s surgery").

Lastly, as to the final factor of the Supreme Court's test—whether extraordinary circumstances stood in the way of timely filing—Taylor has not met his burden. The Court agrees with the magistrate judge: "This case does not present extraordinary circumstances; in fact, Plaintiff provides the same facts as he previously presented to the Court." (D.E. 44 at PageID 212); *see also Salyer*, 2016 WL 6990765, at *4 (explaining that "[b]eing a pro se litigant . . . is generally not an extraordinary circumstance").

Considering all of the factors in both tests, the inmate has not demonstrated any "extraordinary circumstance" meriting the application of equitable tolling or granting his Fed. R. Civ. P. 60(b)(6) motion. *Zappone*, 870 F.3d at 556 (quoting *Holland v. Florida*, 560 U.S. at 649); *see Visconi*, 2017 WL 5664911, at *2 (quoting *Olle*, 910 F.2d at 365).

## IV. Conclusion

In light of the foregoing, the Court ADOPTS the magistrate judge's report and recommendation insofar as it comports with the contents of this order. (D.E. 44.) Plaintiff's motion to reopen this case is DENIED, and this matter is DISMISSED with prejudice. (D.E. 31.)

IT IS SO ORDERED this 19th day of July 2018.

                                    s/ J. DANIEL BREEN
                                    UNITED STATES DISTRICT JUDGE