IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

DAVID W. TAYLOR,

    Plaintiff,

v.                                                    No. 1:10-cv-01195-JDB-jay

UNITED STATES OF AMERICA,

    Defendant.

---

ORDER ADOPTING REPORT AND RECOMMENDATION,
DENYING PLAINTIFF'S MOTIONS,
AND DISMISSING MATTER WITH PREJUDICE

---

Before the Court are Plaintiff, David W. Taylor's, objections to the magistrate judge's report and recommendation, (Docket Entry ("D.E.") 71), "motion to expedite disposition," (D.E. 69), and motion for an extension of time to respond to the magistrate judge's report and recommendation, (D.E. 70).[1] The report by United States Magistrate Judge Jon A. York recommends that the Court deny Plaintiff's motion for a preliminary injunction, (D.E. 53), and motion to reopen his case, (D.E. 54). (D.E. 68.) Taylor timely filed objections to the report.

**I.    Background and Procedural History**

In 1993, Taylor was sentenced to serve 46 months in prison for robbing a bank and ordered to pay $5,000 as restitution. (D.E. 21 at PageID 75.) On July 28, 2010, Plaintiff filed a *pro se* complaint against Defendant, the United States of America, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, which he amended a month later. (D.E. 1; D.E. 4.)

---

[1] In light of this order adopting Judge York's report and recommendation, Taylor's motions to expedite disposition, (D.E. 69), and for an extension of time to respond, (D.E. 70), are DENIED as moot. The Clerk of Court is DIRECTED to terminate Docket Entries 69 and 70.

Taylor alleged that he was forced to sign an "Inmate Financial Contract" to pay restitution in 2004, which caused him to "pay restitution beyond a period of five years, in contravention of a statute limiting the amount of time restitution could be collected."[2] (D.E. 4.) The Government moved to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff failed to exhaust his administrative remedies and failed to file an administrative tort claim within the FTCA's statute of limitations period. (D.E. 21 at PageID 74.) In response, Taylor asserted that he exhausted his administrative remedies through the Bureau of Prison's ("BOP") Administrative Remedy Program in 2010.[3] (D.E. 22 at PageID 118; *see also* D.E. 31 at PageID 155.) On September 21, 2011, the Court granted Defendant's motion to dismiss, concluding that it lacked jurisdiction over the action as Plaintiff failed to satisfy the FTCA's exhaustion requirement and neglected to file an administrative claim within the FTCA's two-year statute of limitations. (D.E. 29 at PageID 150); *see also* 28 U.S.C. § 2401(b). Specifically, the Court found that Taylor entered into the restitution payment agreement in 2004 and that the FTCA's limitations period began to run "no later than July 2005," the date Taylor discovered that restitution payments were being deducted from his wages, and expired in July 2007. (*Id.* at PageID 148–50.) Because the statute of limitations period lapsed before Plaintiff presented his administrative claim to the BOP in January 2010, his initial grievance was untimely under the FTCA. (*Id.*)

Six years later, on September 20, 2017, Plaintiff moved to reopen his case, again seeking to remedy the allegedly unlawful collection of restitution payments. (D.E. 31.) Taylor cited

---

[2] Taylor claimed that he paid $4,047 through the Inmate Financial Responsibility Program from 2003 to 2004, eleven years after he was sentenced. (D.E. 4.)

[3] Plaintiff filed an "Informal Resolution Attempt" pursuant to the BOP's Administrative Remedy Program on January 7, 2010. (D.E. 47 at PageID 229 n.4.) Thirteen days later, he submitted a formal "Request for Administrative Remedy." (*Id.*)

2

Federal Rules of Civil Procedure 59 and 60(b)(6) as grounds for relief "due to extraordinary circumstances and newly discover[ed] evidence or information that was not available originally." (*Id.* at PageID 154.) He also claimed that equitable tolling should apply because his case was dismissed for lack of jurisdiction and not on the merits. (*Id.* (citing *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015)).) The Court referred this matter to former United States Magistrate Judge Edward G. Bryant, (D.E. 33), who recommended that the Court deny the motion, (D.E. 44). The magistrate judge found that relief under both Rule 59 and 60 was without merit since Taylor "provide[d] the same facts as he previously presented to the Court" and failed to point to any extraordinary circumstances, newly discovered evidence, or other information that was not originally available. (D.E. 44 at PageID 211–12.) Judge Bryant also concluded that Plaintiff's claim did not qualify for equitable tolling because he failed to "demonstrat[e] that he pursued his rights diligently but [that] an extraordinary circumstance stopped him from meeting the statute of limitations." (*Id.* at PageID 212–13 (citing *Kwai Fun Wong*, 135 S. Ct. at 1633).)

Taylor objected to the report and recommendation, clarifying that he intended to reopen his case under subsection (e) of Rule 59 and reemphasizing his entitlement to equitable tolling. (D.E. 46 at PageID 216–17.) Plaintiff also raised a new argument, claiming that his motion could fall under Rule 60(b)(3) or Rule 60(d)(3) "due to the fact that the [G]overnment withheld information as to the validation of Public Law 80-772 that the DOJ on investigation revealed that invalid [sic] because a different bill passed the House (H.R. 3190) than the Senate." (*Id.* at PageID 216.)

In July 2018, this Court adopted Judge Bryant's report and recommendation and dismissed the case with prejudice. (D.E. 47.) The Court found Plaintiff's Rule 59(e) assertion to be futile since he failed to file his motion to reopen within the twenty-eight-day period mandated by Rule

3

59(e). (*Id.* at PageID 224 (citing *Visconi v. United States*, No. 16-6689, 2017 WL 5664911, at *1 (6th Cir. May 22, 2017)).) As to Taylor's objections under Rules 60(b)(3) and 60(d)(3), the Court determined that these arguments fell short, in part, because he raised them for the first time in his objections to Judge Bryant's report and recommendation.[4] (*Id.* at PageID 225 (citing *Harris v. Ocwen Loan Servicing, LLC*, No. 17-5399, 2017 WL 8791308, at *2 (6th Cir. Nov. 22, 2017)).) And concerning his basis for relief under Rule 60(b)(6)'s "catchall provision,"[5] the Court concluded that this argument was also unfounded as Plaintiff "simply reargue[d] the merits of his refund claim that the Court already denied" and presented no new facts that demonstrated any "exceptional circumstances" that would justify tolling the FTCA's limitations period.[6] (*Id.* at PageID 226–36.)

---

[4] These claims also failed because Taylor did not assert any facts or arguments pertaining to fraud and, as to Rule 60(b)(3), his six-year delay in filing the motion to reopen precluded relief. (D.E. 47 at PageID 225 (quoting *Visconi*, 2017 WL 5664911, at *1) ("A Rule 60(b) motion under [subsections (1), (2), and (3)] 'must be made . . . no more than a year after the entry of the judgment or order.'")); *see also* Fed. R. Civ. P. 60(c).

[5] Since Taylor sought to reopen his case "due to extraordinary circumstances and newly discover[ed] evidence," the Court liberally construed the *pro se* Plaintiff's claim for relief pursuant to Rule 60(b)(6) as also falling under Rule 60(b)(2). (D.E. 47 at PageID 224–25); *see also* Fed. R. Civ. P. 60(b)(2) (providing relief from a final judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"). Ultimately, this basis for relief failed, too, because Taylor (1) waited six years to file his motion, (2) did not offer any newly discovered evidence, and (3) did not raise this argument prior to his objections to the report and recommendation. (*Id.* at PageID 225.)

[6] In its 2018 order, this Court reconsidered Taylor's equitable tolling claim in light of the then-recent Supreme Court opinion in *Kwai Fun Wong*, which explained that the FTCA's limitations period in § 2401(b) is not intertwined with the subject matter jurisdiction of federal courts and that equitable tolling may save an untimely claim in some cases. (D.E. 47 at PageID 226–36.) Nevertheless, Plaintiff's contention was unsuccessful again, as he offered no new evidence to disturb the Court's finding on when the limitations period began to run, (*id.* at PageID 227–29), and failed to show that he pursued his rights diligently but that extraordinary circumstances prevented him from meeting the filing deadline, (*id.* at PageID 229–36).

Upon entry of a second judgment for Defendant, Taylor filed an appeal. (D.E. 49.) The Court then granted the United States' motion to stay the case until the Sixth Circuit resolved Plaintiff's appeal, which was ultimately dismissed nine months later for want of prosecution after Plaintiff failed to pay the appropriate filing fee. (D.E. 57; D.E. 62.) Less than one month after Taylor filed his appeal, he filed a motion for a preliminary injunction, (D.E. 53), and another motion to reopen his case or, alternatively, to amend his complaint to seek damages based on newly alleged conduct, (D.E. 54). The Court referred these matters to Magistrate Judge Jon A. York for determination. (D.E. 65.)

In his first motion, Plaintiff requested an injunction to prevent BOP officials from opening his legal mail outside of his presence and from removing legal papers from his prison locker. (D.E. 53 at PageID 254–55.) As to Taylor's second attempt to reopen this case, he relied on 28 U.S.C. § 1651 and Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3), asserting five arguments that this Court previously rejected in its September 2011 and July 2018 orders,[7] as well as a new allegation that the Government committed fraud on the court. (D.E. 54 at PageID 257–61.) As to this new basis for relief, which falls under Rule 60(d)(3), Plaintiff asserted that (1) the Government concealed evidence as to when his restitution payments started and ended; (2) the BOP falsely indicated, through its administrative process, that his last payment was made in 2007; (3) a BOP employee "posed as a U.S. Attorney" during an October 2017 telephone conversation with him;

---

[7] As grounds for relief, Plaintiff contended the following: (1) he exhausted his administrative remedies in 2008 and multiple times thereafter; (2) his restitution payments began in 1997 rather than 2005; (3) the statute of limitations should have started to run in 2008 once he became aware that the restitution withdrawals were impermissible; (4) his final payment was made in 2008; and (5) *United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015), should apply to toll the FTCA's limitations period. (D.E. 54 at PageID 258–59; D.E. 68 at PageID 313; *see also* D.E. 29 at PageID 148–50; D.E. 47 at PageID 229–36 (rejecting these arguments).)

5

(4) BOP officials took "over 200 legal documents and papers" from his prison locker sometime between October 2017 and February 2018; (5) the BOP failed to inform him about the expiration date of his restitution obligation; (6) the BOP "failed to inform inmates about filing SF-95 forms"; (7) the Government applied his payments to the wrong case; and (8) the Government wrongfully asserted that *Holland v. United States*, 2010 WL 11602535 (W.D. Tenn. Aug. 5, 2010), was vacated. (*Id.* at PageID 258–61.)

The magistrate judge recommended that this Court deny both motions. Specifically, Judge York concluded that Taylor's request for injunctive relief was untenable as it is based on facts unrelated to his underlying FTCA claim, (D.E. 68 at PageID 305–07 (citing *Colvin v. Caruso*, 605 F.3d 282, [300] (6th Cir. 2010))), that Rule 60(b)(6) does not provide an avenue to relitigate his first five arguments, and that he failed to demonstrate by clear and convincing evidence that Defendant's counsel committed any of the acts alleged or that the Court was deceived in such a way as to affect the outcome of the case.[8] (*Id.* at PageID 313–15.) Plaintiff timely filed objections to the report and recommendation. (D.E. 71.) The Government has not filed a response to these objections, and the time for doing so has passed.

## II. Standard for Review

When a party objects to a magistrate judge's report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). The judge "may accept, reject, or modify, in whole or in part, the findings or

---

[8] Concerning Plaintiff's claim for relief under 28 U.S.C. § 1651, the All Writs Act, the magistrate judge correctly determined that this Act does not provide a basis for relief from a district court's prior orders. (*See* D.E. 68 at PageID 309 (citing *United States v. Gallion*, 504 F. App'x 373, 377 n.2 (6th Cir. 2012)).)

recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), but "cannot simply 'concur' in the magistrate's findings," *Fharmacy Records v. Nassar*, 465 F. App'x. 448, 456 (6th Cir. 2012) (per curiam) (quoting *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005)); *see also* Fed. R. Civ. P. 72(b)(3). Instead, the district court "must conduct its own review in order to adopt the recommendations." *Id.* at 456 (quoting *McCombs*, 395 F.3d at 360).

Despite being "held to less stringent standards," *pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) (declining "to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants").

### III. Analysis

*A. Motion for Preliminary Injunction*

The purpose of a preliminary injunction "is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (alteration in original) (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)). For this reason, a party seeking a preliminary injunction "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).

In his objections, Taylor avers that the facts underlying his request for an injunction affected his "ability to prepare motions and defenses" and "file responses and pleadings accurately." (D.E. 71 at PageID 323.) As the magistrate judge correctly concluded, however,

7

Plaintiff cannot conflate his FTCA claim with a new claim concerning BOP agents opening his legal mail and seizing his legal papers. Taylor's underlying FTCA complaint relates to allegedly improper restitution payments withdrawn from his inmate trust account, his failure to exhaust administrative remedies, and his failure to timely file an administrative claim within the FTCA's two-year limitations period—events that occurred between 1997 and 2010 (at the latest). Plaintiff's new allegations regarding the conduct of BOP officials result from incidents that happened between October 2017 and February 2018. (*See* D.E. 54 at PageID 260.) These occurrences bear no relationship to Plaintiff's restitution claim and did not impede his ability to pursue this claim. *See, e.g.*, *Annabel v. Frost*, No. 17-2263, 2018 WL 5295887, at *2 (6th Cir. Aug. 10, 2018).[9] Because Taylor's basis for injunctive relief does not pertain to the allegedly unlawful conduct asserted in his complaint, his motion for a preliminary injunction is DENIED. *See Colvin*, 605 F.3d at 300 (concluding that the plaintiff "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint").

B. *Motion to Reopen under FRCP 60(b)(6)*

Federal Rule of Civil Procedure 60 sets forth the grounds for relief from a final judgment or order. Rule 60(b)(6) is a catchall provision that provides relief for "any other [justifiable] reason" not otherwise captured in Rule 60(b). Relief under this Rule, however, "is available 'only in exceptional or extraordinary circumstances'" and "must include unusual and extreme situations

---

[9] In *Annabel*, the plaintiff, a prisoner proceeding *pro se*, filed a complaint alleging that the defendants "issued false misconduct reports, made false findings of guilt in the misconduct proceeding," and terminated him from his "unit representative position" in retaliation for filing grievances. 2018 WL 5295887, at *1–2. Later in the case, after the plaintiff had been transferred to a different correctional facility, he sought a preliminary injunction to prevent prison employees from "withholding his legal mail and restricting his access to the law library." *Id.* at *1. The Sixth Circuit affirmed the district court's denial of injunctive relief, concluding that the allegations in the plaintiff's motion for an injunction were "wholly unrelated to the underlying claim." *Id.* at *2.

8

where principles of equity *mandate* relief." *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). A party may not rely on Rule 60(b)(6) to simply relitigate their case. *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."); *O'Connell v. Miller*, 8 F. App'x 434, 435 (6th Cir. 2001) ("A Rule 60(b) motion must be denied if . . . it is merely an attempt to relitigate the case.") (citation omitted).

Taylor's motion to reopen and objections to the magistrate judge's report simply rehash arguments that this Court has previously rejected. For example, Plaintiff once again challenges the Court's determination that the FTCA's statute of limitations began to run "no later than July 2005," arguing that the limitations period should have started in 2008. (*See* D.E. 54 at PageID 259; D.E. 71 at PageID 323–24; D.E. 31 at PageID 155; D.E. 39 at PageID 182.) Taylor also reasserts that he attempted to exhaust his administrative remedies in 2008 and multiple times thereafter, and that equitable tolling should apply. (*See* D.E. 54 at PageID 258–59; D.E. 71 at PageID 323; D.E. 31 at PageID 155; D.E. 39 at PageID 182.)

Judge York rejected these contentions and concluded that Rule 60(b)(6) does not permit Plaintiff to relitigate arguments that the Court previously denied. (D.E. 68 at PageID 313–14.) The magistrate judge further found that none of these contentions demonstrated any exceptional circumstances warranting relief under Rule 60(b)(6). (*Id.*) The Court agrees. Taylor's second motion to reopen pursuant to Rule 60(b)(6) is simply another attempt to relitigate the merits of his case; that is, he continues to dispute the Court's determinations regarding when the FTCA's

9

limitations period began to run and whether equitable tolling should apply.[10] "Those sorts of arguments should have been made in an appeal filed within the thirty-day window following the entry of judgment—a time that has long since passed." *Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 312 (6th Cir. 2019) (citing Fed. R. App. P. 4(a)(1)(A)). Plaintiff opted not to appeal the Court's 2011 order but instead chose to file a motion to reopen six years later, and then another motion to reopen after the first was denied. Moreover, as Judge York correctly concluded, Taylor again fails to point to any exceptional circumstances warranting relief under Rule 60(b)(6). Accordingly, Plaintiff's motion to reopen under Rule 60(b)(6) is DENIED.

*C. Motion to Reopen under FRCP 60(d)(3)*

Rule 60(d)(3) authorizes a court to "set aside a judgment for fraud on the court." The Sixth Circuit has narrowly defined "fraud on the court" as conduct:

> (1) on the part of an officer of the court; that (2) is directed to the judicial machinery itself; (3) is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; (4) is a positive averment or a concealment when one is under a duty to disclose; and (5) deceives the court.

*Hood v. Postmaster Gen.*, No. 17-1400, 2017 WL 8791096, at *2 (6th Cir. Oct. 18, 2017) (quoting *Carter v. Anderson*, 585 F.3d 1007, 1011 (6th Cir. 2009)). Entitlement to relief under this theory "is circumscribed by the public policy favoring finality of judgments and termination of litigation," *Fharmacy Records*, 465 F. App'x at 451 (citing *Doe v. Lexington-Fayette Urban Cty. Gov't*, 407 F.3d 755, 760 (6th Cir. 2005)), and "is usually 'reserved for circumstances in which, for example, a judge . . . has been bribed, a bogus document is inserted in the record, or improper influence has

---

[10] Construing Taylor's objections liberally, he avers that the BOP's failure to inform inmates about the need to file an SF-95 form "should extend any statute of limitations." (D.E. 71 at PageID 323.) As explained in its 2018 order, the Court reiterates that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Thomas v. Romanowski*, 362 F. App'x 452, 455 (6th Cir. 2010) (citation omitted).

10

been exerted upon the court or an attorney so that the integrity of the court and its ability to function is directly impinged,'" *United States v. Demjanjuk*, 838 F. Supp. 2d 616, 626 (N.D. Ohio 2011) (citation omitted). Taylor bears the burden of proving the existence of fraud on the court by clear and convincing evidence. *Fharmacy Records*, 465 F. App'x at 451.

As previously noted, Plaintiff set forth eight examples of conduct by the Government which he claims constituted fraud on the court. (*See supra* pp. 5–6; *see also* D.E. 54 at PageID 258–61.) The magistrate judge concluded that Taylor failed to demonstrate by clear and convincing evidence that any of these actions constituted fraud on the court as he did not show that they were undertaken by Defendant's counsel (i.e., "an officer of the court"), that the conduct was directed toward the Court, or that it deceived the Court in such a way as to affect the outcome of the case. (D.E. 68 at PageID 315.) Judge York found this last element to be fatal to Plaintiff's request for relief, since the Court's resolution of this case turned on the FTCA's exhaustion requirement and statute of limitations, and the conduct alleged by Plaintiff did not affect the Court's application of the FTCA's two-year limitations period or exhaustion requirement. (*Id.*)

Taylor raises two objections to the magistrate judge's determination of this issue. First, he generally challenges Judge York's conclusion that the alleged conduct failed to demonstrate fraud on the court. Second, he appears to claim that Judge York overlooked other allegations that he made in his first motion to reopen, such as the validity of Public Law 80-772 and the fact that the bank he robbed in 1993 was dissolved in 1998. (D.E. 71 at PageID 322–24.) As to his second objection, Plaintiff did not raise these points before the magistrate judge and, thus, he cannot object to Judge York's report on these bases. *See Harris*, 2017 WL 8791308, at *2. Moreover, because the Court has previously rejected these claims in its 2018 order, it declines to address them again.

Concerning his first objection, the Court agrees with the magistrate judge's conclusion that the conduct complained of does not constitute fraud on the court. Most of the actions Taylor references were allegedly committed by BOP employees or other government workers who are not "officers of the court." For this reason alone, allegations two, four, five, six, and seven, fail to demonstrate fraud on the court.[11] *Fharmacy Records*, 465 F. App'x at 451. Taylor's assertion that the Government mislead the Court about when his restitution payments started and ended also misses the mark. Specifically, Plaintiff avers that his restitution payments began in 1997, but that the Government stated that such payments began in 2005. (D.E. 71 at PageID 322.) Even assuming that Taylor could show that the Government's claim was intentionally false or made with a reckless disregard for the truth, he cannot demonstrate that this statement deceived the Court in such a way as to affect the outcome of the case. Indeed, if Plaintiff's payments began before 2005, then the FTCA's limitations period would have started to run earlier than the date the Court used to determine when this period expired.

Further, Plaintiff's belief that BOP agent James D. Crook "attempted to present himself as a U.S. Attorney" is simply unfounded. On October 2, 2017, six years after this Court dismissed

---

[11] The Court further notes that Taylor's second assertion, concerning the last date of his restitution payments, had no bearing on the Court's ultimate conclusion as to when the FTCA's limitations period began to run. As explained in detail in its 2011 and 2018 orders, the statute of limitations began to run "no later than July 2005"—the date "Plaintiff knew that restitution payments were being deducted from his wages." (D.E. 29 at PageID 148.) Therefore, even if the BOP falsely indicated that Taylor's final restitution payment was in 2007, rather than in April 2008 as Taylor avers, (D.E. 54 at PageID 261), this fact neither "deceived" the Court nor affected the outcome of the case. Similarly, Plaintiff's fourth contention, pertaining to BOP agents seizing his legal papers between October 2017 and February 2018, clearly did not deceive the Court when deciding Plaintiff's case as this conduct occurred more than six years after his case was dismissed.

Additionally, Taylor's fifth, sixth, and seventh assertions do not establish fraud on the court since this conduct was not directed at the Court and did not deceive the Court in its application of the FTCA. Plaintiff's claims are merely another attempt to relitigate his case. (*See supra* pp. 5–6.)

Taylor's complaint, James Waldrop, an Assistant United States Attorney, filed a motion for an extension of time to respond to Taylor's first motion to reopen. (D.E. 34.) Included in the Government's motion was a certificate of consultation in which Waldrop declared that he consulted with Plaintiff regarding the extension sought and that Plaintiff did not oppose the motion. (*Id.* at PageID 172.) In Taylor's second motion to reopen, he conceded the fact that he told Waldrop that he "had no problem with a request for [an] extension." (D.E. 54 at PageID 260.) Because the United States Attorney presented no false information to the Court, there is no merit in Plaintiff's argument that this conduct constituted fraud on the court. Moreover, even if this information was untruthful, it had no bearing on the Court's determination of Taylor's FTCA claim as this conduct occurred six years after the Court dismissed Taylor's case.

Lastly, Plaintiff's claim that the Government wrongfully asserted that *Holland* was vacated does not demonstrate fraud on the court. As an initial matter, there is no evidence in the record that the Government ever claimed that *Holland* was vacated. Nevertheless, even assuming that this were true, and assuming that Taylor could establish the first four elements, he cannot show that the Court was deceived by such a statement as the Court did not rely on *Holland* in any of its previous orders. Therefore, Plaintiff's motion to reopen pursuant to Rule 60(d)(3) is DENIED.

### IV. Appeal Issues

The Court must also consider whether Taylor should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) further provides that if the district court certifies that an appeal would not be taken in good faith, the litigant must file his motion to proceed *in forma pauperis* in the appellate court. Fed. R. App. P. 24(a)(3); *accord* 28

U.S.C. § 1915(a)(3). "The good faith standard is an objective one. The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous." *Love v. Kongsberg Auto.*, No. 13-1088, 2013 WL 5755564, at *1 (W.D. Tenn. Oct. 23, 2013) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).

The considerations that led this Court to dismiss Plaintiff's complaint and deny his motions to reopen compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a), that any appeal in this matter by Taylor would not be taken in good faith. Leave to proceed on appeal *in forma pauperis* is therefore DENIED. If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty days.

## V. Conclusion

Taylor's repeated attempts to reopen this case are nothing more than elaborate efforts to relitigate the merits of his underlying claim. Plaintiff's original complaint is time-barred. Accordingly, for the reasons stated herein, the Court ADOPTS the magistrate judge's report and recommendation, (D.E. 68). Taylor's motions for a preliminary injunction, (D.E. 53), and to reopen this case, (D.E. 54), are therefore DENIED, and this matter is DISMISSED with prejudice.

IT IS SO ORDERED this 6th day of February 2020.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE